**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

CAROLINE L.,[1]                              )
    *Plaintiff*,                           )
                             )      3:21-cv-1560-OAW
    v.                                       )
                             )
KILOLO KIJAKAZI, COMM'R OF SOC.      )
SEC.,[2]                                        )
    *Defendant*.                          )
                             )

## RULING ON PLAINTIFF'S MOTION TO REVERSE, AND DEFENDANT'S MOTION TO AFFIRM, THE DECISION OF THE COMMISSIONER

**THIS ACTION** is before the court upon Plaintiff's Motion to Reverse the Decision of the Commissioner (hereinafter, "Motion to Reverse"), *see* ECF No. 21, and Defendant's responsive Motion to Affirm the Decision of the Commissioner (hereinafter, "Motion to Affirm"), *see* ECF No. 23.

The court carefully has reviewed the Motions, the administrative record, and the parties' respective memoranda of law and statements of facts. *See* ECF Nos. 1, 11, 21, 21-1, 21-2, 23, 23-1, 23-2. For the following reasons, the Motion to Affirm is **DENIED**, the Motion to Reverse is **GRANTED,** and this action hereby is **REMANDED** for a new hearing and decision consistent with this ruling.

---

[1] Pursuant to this District's Standing Order (issued January 8, 2021) regarding social security cases (available at: https://www.ctd.uscourts.gov/sites/default/files/adminOrdersOCR/21-1_Standing%20Order%20Re%20Social%20Security%20Cases_6.pdf) (last visited July 29, 2026), the court will identify Plaintiff by first name and last initial "[t]o protect the privacy interests of social security litigants while maintaining public access to judicial records." *Melissa C. v. Kijakazi*, No. 21-CV-1553 (RMS), 2023 WL 154893, at *19 (D. Conn. Jan. 11, 2023).

[2] Pursuant to 42 U.S.C. §405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." Frank J. Bisignano is the current Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), Mr. Bisignano automatically is substituted as the named defendant, and all references to the "Commissioner" in this ruling shall refer to him.

1

## I.       APPLICABLE LEGAL PRINCIPALS

This is an administrative appeal following the denial of Plaintiff's application for Title II social security disability benefits (hereinafter, "SSDI") and Title XVI supplemental security income benefits (hereinafter, "SSI").  ECF No. 1.  It is brought pursuant to Section 205(g) of the Social Security Act.  *See* 42 U.S.C. § 405(g).

When deciding whether an applicant is entitled to benefits, an Administrative Law Judge (hereinafter, "ALJ"), on behalf of the Commissioner, employs a five-step analysis. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At **step one**, the ALJ evaluates whether the applicant is engaged in "substantial gainful activity," and if so, the application is denied.  *Id.*  If not, the ALJ proceeds to **step two,** at which the ALJ determines whether any of the applicant's impairments (or combination of impairments) is "severe."  *Id.* at 140–41.  If not, the application is denied.  *Id.*  But if so, the ALJ proceeds to **step three**, at which the ALJ consults a list of impairments that are presumptively disabling (hereinafter, the "Listings").  *Id*.  If the applicant's impairments match or equal any Listing, the application is granted.  *Id.*  If not, the ALJ assesses the applicant's residual functional capacity (hereinafter, "RFC") in light of the limitations caused by their impairments.  *Id*.

The ALJ then proceeds to **step four**, at which the ALJ determines whether the applicant is capable of performing any "past relevant work."  *Id*.  If so, the application is denied.  *Id.*  If not, the ALJ proceeds to **step five**, at which the ALJ determines whether there are any other jobs available in the national economy that the applicant reasonably could do, in light of their RFC, age, education, and work experience.  *Id.* at 142.  If so, the application is denied.  *Id*.  But if not, the application is granted.  *Id.*

When reviewing a final decision of the Commissioner, a federal district court is "performing an appellate function." *Zambrana v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981). A court may set aside such decision only if it "'is based upon legal error or is not supported by substantial evidence.'" *Moreau v. Berryhill*, No. 17-CV-396 (JCH), 2018 WL 1316197, at *3 (D. Conn. Mar. 14, 2018) (quoting *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998)). Absent a finding of legal error or lack of substantial evidence, the decision must be affirmed. *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447–48 (2d Cir. 2012).

The "substantial evidence" standard is extremely deferential, and is satisfied by "'such *relevant* evidence as a *reasonable* mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)) (emphasis in original); *see also Johnson v. Berryhill*, No. 17-CV-1651 (VAB), 2019 WL 1430242, at *5 (D. Conn. Mar. 29, 2019). Courts "consider [all] evidence which fairly detracts from the administrative finding as well as that which supports it." *Covo v. Gardner*, 314 F. Supp. 894, 899 (S.D.N.Y. 1970); *see also Snell v. Apfel,* 177 F.3d 128, 132 (2d Cir. 1999) (requiring "the reviewing court . . . to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn") (internal citation and quotation marks omitted). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the court may not "substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

The Commissioner does not receive the same deference if there is a legal error. *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004) (recognizing that courts may not defer

3

to the Commissioner where "an error of law has been made that might have affected the disposition of the case") (internal citation and quotation marks omitted). "Even if the Commissioner's decision is supported by substantial evidence, legal error alone can be enough to overturn the ALJ's decision." *Ellington v. Astrue*, 641 F. Supp. 2d 322, 328 (S.D.N.Y. 2009) (citing *Johnson v. Bowen,* 817 F.2d 983, 986 (2d Cir. 1987)). Where "application of the correct legal principles to the record could lead to only" the ALJ's conclusion, however, the ALJ's error is "harmless," and "there is no need" to remand the decision for reconsideration. *Johnson*, 817 F.2d at 986.

## II.    BACKGROUND

Plaintiff applied for SSI and SSDI on March 2, 2020, with an alleged disability onset date of February 25, 2020.  Tr. at 15.  She claims that she cannot work due to the following impairments: "interior cervical surgery," "blood clot to the brain," "migraines," "water in the brain," "spinal leakage," inability "to walk" and being "bed ridden," "cardiac ablation," and "blasting headaches."  Tr. at 259 (cleaned up).  She specified in her application that: she has "bad headaches and need[s] to lay down after any kind of activity," has "a hard time keeping . . . balance when walking," is "unable to talk clearly" and becomes winded when she attempts to speak, and cannot "go outside" or drive.  Tr. at 267–68.  She also specified that her sister takes care of her basic needs, including by providing her with food.  Tr. at 268; *see also* Tr. at 267–74 (describing other difficulties).

Plaintiff's application initially was denied on July 14, 2020.  Tr. at 15.  Upon reconsideration, ALJ Alexander Peter Borré held a telephonic hearing on January 21, 2021, at which Plaintiff and her counsel appeared.  *Id*.  Plaintiff testified that: she is unable to drive and often "bed bound" when she experiences headaches; she is "running on one

4

vocal cord" due to vocal cord paralysis; she experiences dilated and contracted pupils, such that her vision is often blurred; she suffers memory loss; she has "tingling and numbness" in her upper extremities, such that she cannot lift, and often drops, household items; she has trouble standing; her ability to walk is limited and she experiences shortness of breath and limps when she does walk; she cannot stand for more than "a minute" and has "no range of motion;" she cannot read "more than a couple sentences" before her vision blurs; and, she spends "probably 75 percent of [her] day laying down" due to her such impairments.  Tr. at 43–65.

The ALJ issued an unfavorable decision on April 21, 2021.  ECF No. 21-1, at 1; *see also* Tr. at 15–29.  Plaintiff timely requested review by the Social Security Administration's Appeals Council, but it declined to review the ALJ's decision on October 18, 2021.  *Id*. The following month, Plaintiff timely filed this appeal.  ECF No. 1.

### III.    DISCUSSION

Plaintiff argues that the ALJ erred at step three by failing to specifically consider whether her impairments meet or equal the criteria of Listing 11.04, concerning "[v]ascular insult[s] to the brain."  ECF No. 21-1, at 10–13.  The court agrees.[3]

#### A. The ALJ Erred

At step three, the ALJ determined that none of Plaintiff's impairments met or equaled "any" Listing upon finding that she: "does not require the use of an assistive

---

[3] Plaintiff makes additional arguments for reversing the Commissioner's decision. ECF No. 20-1, at 18-37. The court need not address them because, as discussed *infra*, the ALJ erred by not specifically considering whether Plaintiff's impairments satisfy Listing 11.04.  *See Lorusso v. Saul*, No. 3:19 CV 126 (RMS), 2020 WL 813595, at *12 (D. Conn. Feb. 19, 2020) (doing the same).

device" when walking, is able "to use her upper extremities" and could "cooperate with medical and other professionals," "remember, understand, and complete simple tasks," "comply with her medication," and "travel independently and avoid typical hazards."  Tr. at 19–20.  The ALJ's findings were based on consideration of "all of the evidence of record," including Plaintiff's testimony and opinions by "state agency medical consultants[]."  Tr. at 19.  The ALJ's decision specifically discussed two Listings: one related to "disorders of the skeletal spine resulting in compromise of a nerve root(s)," in light of Plaintiff's "cervical surgery fusion;" and one related to "depressive, bipolar and related disorders," in light of Plaintiff's "Adjustment Disorder."  Tr. at 18–19.  However, the ALJ did not specifically discuss Listing 11.04, in light of Plaintiff's "cerebral venous sinus thrombus" (a type of vascular injury, colloquially referred to as a "stroke," *see* ECF Nos. 21-1, at 16 n. 28; 23-1, at 4 n. 3).  Tr. at 18–20.

An ALJ "need not 'explicitly discuss every [L]isting in his written opinion."  *Joseph v. O'Malley*, 772 F. Supp. 3d 265, 274 (E.D.N.Y. 2024) (quoting *Flores v. Comm'r of Soc. Sec.*, 644 F. Supp. 3d 53, 64 (S.D.N.Y. 2022)).  And an ALJ's "'failure to explain his rejection'" of a Listing generally does not warrant remand, *see Norman v. Astrue*, 912 F. Supp. 2d 33, 41 (S.D.N.Y. 2012) (quoting *Sava v. Astrue*, No. 06-CV-3386 (KMK) (GAY), 2010 WL 3219311, at *4 (S.D.N.Y. Aug. 12, 2010), if the reviewing court can "'reasonably infer' the particular criteria the ALJ found lacking," *see id.* (quoting *Berry v. Schweiker*, 675 F.2d 464, 468–69 (2d Cir. 1982).  However, in cases where "credibility determinations and inference drawing is required" to determine whether an applicant has satisfied a particular Listing, the ALJ must "set forth a sufficient rationale in support of his decision."  *Berry*, 675 F.2d at 468.  In such cases, "failure to engage in analysis of [a Listing's]

6

eligibility criteria as applied to [the applicant's] record constitute[s] legal error." *Davenport v. Saul*, No. 3:18-CV-1641 (VAB), 2020 WL 1532334, at *21 (D. Conn. Mar. 31, 2020).

Especially where "the claimant's symptoms as described in the medical evidence appear to match those described in the Listings, the ALJ *must* provide an explanation as to why the claimant failed to meet or equal the Listings." *Giles v. Chater*, No. 95-CV-0010E (H), 1996 WL 116188, at *5 (W.D.N.Y. Jan.8, 1996) (emphasis added); *see also Kerr v. Astrue*, No. 09-CV-01119, 2010 WL 3907121, at *5 (N.D.N.Y. Sept. 7, 2010), *report and recommendation adopted*, No. 7:09-CV1119 (GLS) (VEB), 2010 WL 3893922 (N.D.N.Y. Sept. 30, 2010) (finding that, under such circumstances, the applicant is "owed a discussion of how the evidence failed to establish that she met [the] Listing") .

To be presumptively disabled under Listing 11.04, a claimant must demonstrate impairments which meet or equal any of the following requirements: **(i)** "[s]ensory or motor aphasia resulting in ineffective speech or communication persisting for at least 3 consecutive months after the [vascular] insult;" **(ii)** "[d]isorganization of motor function in two extremities, resulting in an extreme limitation in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities, persisting for at least 3 consecutive months after the [vascular] insult;" or **(iii)** [m]arked limitation in physical functioning and in one of the following areas of mental functioning, both persisting for at least 3 consecutive months after the insult: "[u]nderstanding, remembering, or applying information," [i]nteracting with others," "concentrating, persisting, or maintain pace," or "adapting or managing oneself." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 11.04. As discussed above, *see supra* at 4–5, the record contains evidence *arguably* demonstrating that Plaintiff meets or equals these

requirements, such that the ALJ was obligated to *specifically* explain why Plaintiff failed to meet or equal them, *see Kerr*, 2010 WL 3907121, at *5. Plaintiff's testimony, in particular, included specific references to: ineffective speech following her vascular incident; limited use of her upper extremities, particularly her left arm, following her vascular incident; and difficulty standing, walking, or engaging in any activity except laying down, following her vascular incident. *See* Tr. at 43–65. Her medical notes also include numerous such references, as acknowledged by both parties' statements of facts. *See, e.g.*, ECF Nos. 21-2, at 1–20; 23-2, at 1–5. Accordingly, the court finds that the ALJ erred in failing to "provide an explanation as to why [Plaintiff] failed to meet or equal" the requirements of Listing 11.04, in particular.[4] *Giles*, 1996 WL 116188, at *5; *see also Perkins v. Berryhill*, No. 3:17-CV-200 (MPS), 2018 WL 3344227, at *3 (D. Conn. July 9, 2018) (finding the same because the ALJ's "opinion includes no discussion" of the Listing at issue); *Lorusso v. Saul*, No. 3:19 CV 126 (RMS), 2020 WL 813595, at *6 (D. Conn. Feb. 19, 2020) (finding the same).

The ALJ's decision does not discuss Listing 11.04.[5] Tr. at 18–20. Nevertheless, the Commissioner argues that the ALJ's *singular* reference to Plaintiff's vascular injury, and other references to her "headaches, weakness, and vocal cord paralysis" at step three, demonstrate that His Honor "considered and made findings relevant to the requirements of Listing 11.04." ECF No. 23-1, at 4–5, 7. The court disagrees. The ALJ's

---

[4] This is especially true when "credibility determinations and inference drawing [was] required" to reach the decision, *see Berry*, 675 F.2d at 468, as was the case here, *see* Tr. at 19 (whereby the ALJ found that "the evidence of record does not support the level of impairment in disability and functional limitations that the claimant testified to at her hearing").

[5] The United States Court of Appeals for the Second Circuit has held that, where "the ALJ only cursorily mentions a particular listing without providing an 'express rationale,' there is no error if the ALJ's determination is otherwise supported by substantial evidence." *Joseph v. O'Malley*, 772 F. Supp. 3d 265, 274 (E.D.N.Y. 2024) (quoting *Salmini v. Commissioner of Social Security*, 371 F. App'x 109, 112 (2d Cir. 2010)). Here, however, the ALJ does not mention Listing 11.04 at all. Tr. at 18–20.

analysis (including such references) concerns Listings *other than* 11.04, related to "disorders of the skeletal spine resulting in compromise of a nerve root(s)" and "depressive, bipolar and related disorders." Tr. at 18–19. The decision even clarifies as much. *Id*. And whereas there is *some* overlap in criteria among Listing 11.04 and those other Listings, the ALJ's findings are only applied to those other Listings.[6] *Id*. Hence, the court cannot "'reasonably infer' the *particular* criteria the ALJ found lacking" with regard to Listing 11.04. *Norman,* 912 F. Supp. 2d at 41 (quoting *Berry,* 675 F.2d at 468–69) (emphasis added); *see also Perkins*, 2018 WL 3344227, at *3 (finding "implausible" the Commissioner's argument, that "by not explicitly discussing" a particular Listing, the ALJ somehow "concluded that it did not apply," especially considering that "the ALJ expressly addressed [other] Listings . . . [when concluding] that they did not apply"); *Lorusso,* 2020 WL 813595, at *6 (rejecting the Commissioner's argument that, even though "the ALJ did not explicitly discuss" Listing 11.04, it was sufficient that the ALJ "considered and discussed [the plaintiff's] traumatic brain injury and . . . deficits resulting from his brain injury") (internal citation and quotation marks omitted).

### B. The ALJ's Error Was Not Harmless

"'[W]here application of the correct legal principles to the record could lead to only one conclusion . . . there is no need to require agency reconsideration.'" *Perkins*, 2018 WL 3344227, at *3  (quoting *Johnson*, 817 F.2d at 986). Although the ALJ's conclusion

---

[6] This is especially significant, here, where the ALJ determined that Plaintiff did not meet or equal any Listings upon determining that the "record does not support the level of impairment in disability and functional limitations that [she] testified to at her hearing." Tr. at 19; *see also Berry*, 675 F.2d 464, 468 (2d Cir. 1982) (recognizing that where "credibility determinations and inference drawing is required," the ALJ "should set forth a sufficient rationale in support of his decision."

that none of Plaintiff's impairments meet or equal any Listing is supported by ample evidence, there also is "at least some evidence" to the contrary—such that the administrative record is not "so one-sided that it 'could lead only to cone conclusion.'" *Id*. at \*4–\*5  Accordingly, the court finds that the ALJ's error was not harmless, and that remand is warranted.

## IV.    CONCLUSION

For all the foregoing reasons, it hereby is **ORDERED AND ADJUDGED** as follows:

1.    The Motion to Affirm the Decision of the Commissioner is **DENIED;**

2.    The Motion to Reverse the Decision of the Commissioner is **GRANTED;**

3.    This action is **REMANDED** for a new hearing and decision consistent with this ruling; and

4.    The Clerk of Court respectfully is directed to render judgment in Plaintiff's favor, administratively close this case, and assign to the undersigned any related social security appeal that may be returned to this District.

**IT IS SO ORDERED** at Hartford, Connecticut, this 29th day of July, 2026.

_____/s/_____

OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE